Balayet HOSSAIN, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 15–11075
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 30, 2015.

Gregory G. Marotta, Law Office of Gregory Marotta, Vernon, NJ, for Petitioner.

Ann M. Welhaf, Imran Raza Zaidi, OIL, Office of Immigration Litigation, Washington, DC, Alfie Owens, DHS/ICE Office of Chief Counsel, Atlanta, GA, for Respondent.

Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Balayet Hossain, a native and citizen of Bangladesh, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[1] Our lawful power to interfere is highly limited. No reversible error has been shown; we deny the petition.

---

1. Hossain raises no challenge to the portions of the IJ's and the BIA's decisions denying relief under the Convention Against Torture; so that issue is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir.2005).

We review only the BIA's decision, except to the extent that the BIA "expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted expressly the IJ's findings and conclusion that Hossain failed to demonstrate that the Bangladesh government was unwilling or unable to protect him, we review the decisions of both the BIA and the IJ on that issue.

We review legal determinations *de novo*. *Id.* And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir.2004) (en banc). In reviewing the agency's decision, we may not "reweigh the evidence from scratch." *Id.* at 1029. Instead, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir.2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear or persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir.2005).

Hossain, who is a member of the Bangladesh National Party ("BNP"), sought relief based on his political opinion. After Hossain was promoted within the BNP, he began receiving threatening calls from members of the opposing Awami League. Hossain contends that members of the Awami League also attacked his home on two occasions. During the first attack—which occurred when Hossain was away—Awami League members asked Hossain's family about Hossain's whereabouts, ransacked Hossain's house, and beat Hossain's parents. About the second attack, Hossain contends that twelve to fourteen members of the Awami League surrounded his house, but that Hossain escaped out the back door. The Awami League members then asked Hossain's family about Hossain's location, beat Hossain's parents and wife, and threatened to kidnap and kill Hossain's children.

Hossain reported neither attack to the police. Instead, Hossain reported the incidents to leaders within the BNP, who told him that the local police would not help because the Awami League was in power. Shortly after the two attacks, Hossain fled Bangladesh and entered the United States.

The IJ denied Hossain relief. The IJ concluded, among other things, that Hossain failed to demonstrate that the Bangladesh government was unable or unwilling to control a pattern and practice of violence committed by private parties against members of the BNP. The BIA agreed with the IJ's assessment of that dispositive issue and then declined to consider Hossain's other appellate arguments.

When a petitioner seeks relief based on alleged persecution by private actors, as in Hossain's case,[2] the petitioner's "failure to

---

2. Although Hossain contends that he and his

family were attacked and threatened by mem-

report persecution to local government authorities generally is fatal to an asylum claim." *See Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir.2007). A petitioner's failure to seek government protection may be excused, however, "where the petitioner convincingly demonstrates that those authorities would have been unable or unwilling to protect [him], and for that reason [he] could not rely on them." *Id.*

We conclude that substantial evidence supports the IJ's and the BIA's determination that Hossain failed to satisfy his burden of showing that the Bangladesh government was unwilling or unable to protect him. In denying Hossain relief, the IJ—relying mainly on a State Department Country Report on Bangladesh—determined that "administrative and judicial remedies are available for alleged wrongs in Bangladesh, and the government does not interfere with civil judicial proceedings." In addition, citizens can present cases for mediation through alternative dispute resolution proceedings. The IJ acknowledged that Bangladesh's judicial system is "slow and cumbersome." Still, the IJ determined that the Bangladesh government's recognition of citizens' rights to seek remedies for human-rights violations demonstrated the government's willingness to control patterns or practices of violence committed by members of society.

The IJ's factual findings, which were adopted by the BIA, are supported by substantial evidence presented in the Bangladesh 2013 Human Rights Report ("Country Report"). And we have said that the BIA and the IJ are "entitled to rely heavily on" such reports. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1354 (11th Cir.2009).

On appeal, Hossain argues that the BIA and the IJ erred in failing to consider properly two pieces of evidence: (1) Hossain's credible testimony that he was told by BNP leaders that the police would not help protect him; and (2) information in the Country Report about human rights violations, politically motivated violence (including a government raid of BNP's offices), and the government's failure to investigate effectively extrajudicial killings.

To the extent that Hossain contends that the BIA and the IJ "ignored" or failed to consider entirely these pieces of evidence, his argument is refuted by the record. In its detailed order, the IJ determined that Hossain testified credibly that he was told by BNP leaders that the police would not help him. About the Country Report, the IJ acknowledged expressly the existence of "widespread official corruption and violence on behalf of opposing political parties," including the government raid of a BNP office. The IJ also noted that "political life in Bangladesh is historically rough and violent, and opposition parties strive to undermine the efficient functioning of the government."

In essence, Hossain's argument on appeal is that the BIA and the IJ ought to have given more weight to his credible testimony and to certain portions of the Country Report. Under our limited scope of review, however, we lack the authority to reweigh the evidence. *See Adefemi*, 386 F.3d at 1029. And, even where substantial evidence might exist to support an alternate finding, we cannot reverse the BIA's and the IJ's findings unless we—by the record—are compelled to do so. *See Mendoza*, 327 F.3d at 1287; *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1324 (11th Cir.2001) ("Our inquiry is whether there is

bers of the Awami League, he has not alleged—and nothing evidences—that his attackers worked for the government or that the

attacks were otherwise sanctioned by the government.

substantial evidence for the findings made by the BIA, *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made."). Here, substantial evidence in the Country Report does support the BIA's and the IJ's determination that Hossain failed to demonstrate convincingly that the Bangladesh government would have been unable or unwilling to protect him. The record does not command that the opposite conclusion is the only conclusion that necessarily can be rightly reached.

Hossain has failed to demonstrate that he is unable to obtain protection in Bangladesh. Thus, he is ineligible for asylum and for withholding of removal. We deny the petition and affirm the BIA's decision.

PETITION DENIED.[3]

---

**3.** Hossain also challenges the BIA's statement that Hossain failed to contest the IJ's determination that the harm he suffered did not rise to the level of persecution. Because we af-firm the BIA's decision on other independent grounds, we need not consider Hossain's alternate argument on appeal.